```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Tujian Peng, Jie Xin,& Xiufeng Peng

    Plaintiffs,

  v.                                                Case No. 2:07-cv-091
                                                    JUDGE GRAHAM

Michael Chertoff, et al.

    Defendants.

OPINION AND ORDER

Plaintiffs Tujian Peng, Jie Xen, and Xiufeng Peng assert that defendants Department of Homeland Security, the U.S. Citizenship and Immigration Services, and the Federal Bureau of Investigation have delayed and refused to adjudicate Plaintiffs' Forms I-485, Application to Adjust Status to Permanent Resident. They allege that defendants' inaction has deprived them of Lawful Permanent Resident status in the United States. Plaintiffs seek relief compelling defendants to adjudicate their application.

Moreover, Xiufeng Peng alleges that he has been financially damaged by defendants' failure to act on his adjustment of status application. He alleges that defendants' failure caused him to lose $18,000 in need-based financial aid that Case Western Reserve University awarded him for the 2006-2007 academic year. <u>Id</u>.

**I. Background**

Plaintiffs are citizens of China. On July 1, 2004, Tujian Peng filed with the U.S. Citizenship and Immigration Services ("USCIS") a Form I-140, Immigration Petition for Alien Worker. Complaint, ¶6. USCIS approved the Form I-140 on September 29, 2004. On July 1, 2004, Tujian Peng, Jie Xin, and Xiufeng Peng

filed Forms I-485, Application to Adjust Status to Permanent Resident. Complaint, ¶7.

By May 2006, plaintiffs had not received a response to their Forms I-485. On May 4, 2006, Tujian Peng contacted the USCIS to inquire about the status of his application. Complaint, ¶8. On July 1, 2006, Mr. Peng received correspondence from the USCIS indicating that processing had been delayed due to an incomplete FBI background check. Id.

On January 3, 2007, Mr. Peng contacted Senator George Voinovich and Representative Patrick Tiberi's offices to seek assistance in resolving this delay. Complaint, ¶9. The Senator's office received a response from the USCIS, after making an inquiry, indicating that the adjustment of status application was delayed because the FBI name check clearances had not yet been received by the USCIS. Id.

On January 29, 2007, Mr. Peng made an InfoPass appointment with the Columbus, Ohio USCIS office in order to inquire about the status of his application to adjust status. Complaint, ¶10. Xin and Xiufeng Peng also made such appointments on February 1 and February 2, 2007 respectively. Id. All three plaintiffs were told that the background check requests for their applications were sent to the FBI by the USCIS on July 14, 2004. Id.

The complaint alleges that plaintiff's Forms I-485 are currently pending at the Vermont Service Center. Complaint, ¶11. At the time they filed their complaint, plaintiffs' applications had been pending for two and a half years. Id.

Defendants have filed a motion to dismiss the complaint. Plaintiffs failed to respond to the motion to dismiss. Under

Southern District of Ohio Local Civil Rule 7.2(a)(2), a party's failure to oppose a motion to dismiss is not cause for the court to grant that motion.

**II. Standard of Review**

This matter is before the Court on the motion of defendants to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Where a defendant raises the issue of lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. DXL, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack is a challenge to the sufficiency of the complaint, and in considering the motion the court must take the material allegations of the complaint as true and construe them in the light most favorable to the nonmoving party. Id. Jones v. City of Lakeland, 175 F.3d 410, 413 (6th Cir. 1999); Ohio National Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990).

In contrast, a factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Ritchie, 15 F.3d at 598; Moir, 895 F.2d at 269. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. Nichols v.

3

Muskingum College, 318 F.3d 674, 677 (6th Cir. 2003). A Rule 12(b)(1) motion, when accompanied by evidentiary support, is not converted into a motion for summary judgment, and the court is empowered to resolve factual disputes. Moir, 895 F.2d at 269; Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986). The district court has wide discretion to consider affidavits and documents in resolving disputed jurisdictional facts. Ohio National Life Ins., 922 F.2d at 325. "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." Golden v. Gorno Bros., Inc., 410 F.3d 879, 881 (6th Cir. 2005).

**III. Discussion**

    **A. Adjustment of Status Claim**

Defendants expressly state in their motion to dismiss that they are making a facial challenge to the Court's subject matter jurisdiction. See Defs' Mot. to Dismiss, p.4 ("In this case, the Defendants motion to dismiss presents a facial challenge to the Court's subject matter jurisdiction"). However, while asserting a facial challenge, defendants improperly attach a declaration of a USCIS director and printed materials from the USCIS and the FBI. Because defendants are asserting a facial attack on subject matter jurisdiction, the Court may not consider such evidence.

Moreover, the defendants have incorrectly relied upon 8 U.S.C. §1447, the naturalization statute. Defendants' sole argument for dismissing the adjustment of status claim is that the Court does not have jurisdiction under §1447(b), whereby a district court may review naturalization applications if the USCIS fails to act 120 days after the applicant's examination. However, the plaintiffs' case deals with 8 U.S.C. §1255, adjustment of status, and not the

4

naturalization statute, 8 U.S.C. 1447. The complaint makes clear that Tujian Peng, Jie Xin, and Xiufeng Peng applied for adjustment of status; nowhere does their complaint request review of a naturalization application. Thus, defendants' argument under 8 U.S.C. §1447 misses the mark.

The complaint is sufficient to overcome a facial challenge to the Court's subject matter jurisdiction. Tujian Peng, Jie Xin, and Xiufeng Peng allege that their I-485 Applications for Adjustment of Status have been pending in excess of two years. They further allege that a processing time of such duration is unreasonable.

The Court notes that this is the second time counsel for defendants has filed a motion to dismiss that makes a facial challenge to subject matter jurisdiction while attaching evidentiary materials to the motion. <u>See</u> Yan Yang, et al. v. Gonzales, et al., No. c2:07-cv-50(S.D. Ohio). Further, this is the second time counsel for defendants has filed a motion to dismiss an adjustment of status complaint, while relying solely on the naturalization statute. Counsel is cautioned to be more careful in advocacy.

**B. Tort Claim**

The complaint also alleges that Xiufeng Peng was financially damaged by the defendants' failure to adjudicate his Form I-485 because he lost financial aid to Case Western Reserve University. Defendants argue that this claim must be dismissed because Peng has not exhausted his administrative remedies, as required by the Federal Torts Claims Act. 28 U.S.C. §2675(a).

To bring a tort action against the government, the plaintiff must first establish that the government has waived sovereign immunity. <u>Lundstrum v. Lyng</u>, 954 F.2d 1142, 1145 (6th Cir. 1991). "'[T]he circumstances of [the waiver of sovereign immunity] must be

5

scrupulously observed and not expanded by the courts.'" Blakely v. United States, 276 F.3d 853, 864 (6th Cir. 2002)(quoting Kokotis v. United States Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000)).

The federal government "has waived its sovereign immunity to suits for tort actions under the FTCA, but only insofar as the plaintiff has exhausted his administrative remedies." Blakely, 276 F.3d at 864; see also Lundstrum, 954 F.2d at 1145. Under §2675(a), "an action shall not be instituted upon a claim against the United States for money damages...unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." 28 U.S.C. §2675(a). The exhaustion requirement is satisfied when the proper agency receives a "written notification of an incident, accompanied by a claim for money damages in a sum certain." Lundstrum, 954 F.2d at 1145.

Here, Peng has not exhausted his administrative remedies with respect to his claim for monetary damages. The paperwork attached to the complaint shows what plaintiffs did to follow up on the status of their Forms I-485, but none of the paperwork shows that Peng submitted a claim for monetary damages to the proper agency.

Furthermore, the FTCA "requires that the United States be named as the only proper defendant." 28 U.S.C.A. §2679(a). Courtney v. Sec'y of Health and Human Serv., No. 96-5051, 1996 U.S. App. Lexis 31349, at *3 (6th Cir. Dec. 3, 1996). In an action for monetary damages resulting from the alleged negligence of a federal employee or agency, the United States must be named as the defendant. Allgeier v. U.S., 909 F.2d 869, 871 (6th Cir. 1990). (citing 28 U.S.C. §2679(a)). Failure to name the United States as a defendant in a FTCA suit is fatal to the court's jurisdiction. Id.; Courtney, 1996 U.S. App Lexis 31349, at *3. Here, plaintiffs'

6

complaint fails to name the United States as a defendant and the claim for monetary damages must therefore be dismissed.

**IV. Conclusion**

    In accordance with the foregoing, defendants' April 9, 2007 motion to dismiss (doc. 11) is granted in part and denied in part. The motion is denied as to plaintiffs' adjustment of status claims. The motion is granted as to plaintiff Peng's claim for monetary damages.

    It is so ORDERED.

                                           s/James L. Graham
                                           JAMES L. GRAHAM
                                           United States District Judge

DATE: July 10, 2007