```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                   EASTERN DIVISION
```

Tujian Peng, et al.

      Plaintiffs,

  v.                                           Case No. 2:07-cv-091
                                                      JUDGE GRAHAM

Michael Chertoff, et al.

      Defendants.

OPINION AND ORDER

Plaintiffs Tujian Peng, Jie Xin, and Xiufeng Peng bring this action alleging that defendants Department of Homeland Security, the U.S. Citizenship and Immigration Services ("USCIS"), and the Federal Bureau of Investigation have delayed and refused to adjudicate plaintiffs' Forms I-485, Application to Adjust Status to Permanent Resident.  They allege that defendants' inaction has deprived them of lawful permanent resident status in the United States. Plaintiffs seek mandamus relief compelling defendants to adjudicate their applications.

**I. Background**

Plaintiffs – who are husband, wife, and son – are citizens of China.  On July 1, 2004, each of them filed a Form I-485, Application to Adjust Status to Permanent Resident.

By May 2006, plaintiffs had not received a response to their Forms I-485.  Tujian Peng contacted the USCIS to inquire about the status of his application.  On July 1, 2006, he received correspondence from the USCIS stating that the applications had been delayed due to an incomplete FBI background check.

In January 2007, plaintiffs made further inquiries about the status of their applications. They were again told by the USCIS that the applications were delayed because the FBI name check clearances had not yet been completed.

Plaintiffs filed their complaint in this court on February 7, 2007. The complaint alleges that plaintiffs' Forms I-485 remain pending, and at the time they filed their complaint, plaintiffs' applications had been pending for two and a half years. The complaint seeks a court order requiring defendants to complete the processing of plaintiffs' applications.

Defendants have filed a motion to dismiss the complaint for lack of subject matter jurisdiction. Defendant contend that plaintiffs' applications have now been approved and that a justiciable case or controversy no longer exists.

Defendants have attached the declaration of Naboone Puripongs, an officer with the Texas Service Center of the USCIS. The declaration states that Naboone Puripongs has custody of the plaintiffs' applications to adjust status. Puripongs Decl., ¶2. The declaration further states that the USCIS has completed its national security screening and review of plaintiffs' Form I-485 applications. Id., ¶3. On April 24, 2007, USCIS approved the application of Tujian Peng, and on April 27, 2007, approved the applications of Jie Xin and Xiufeng Peng. Id. Attached to the declaration are receipts from the USCIS verifying the approval of the Forms I-485 for each of the plaintiffs. Id., Exs. A-1, A-2, A-3.

Plaintiffs have not responded to the motion to dismiss.

**II. Standard of Review**

This matter is before the court on the motion of defendants to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Where a defendant raises the issue of lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion to dismiss. DXL, Inc. v. Kentucky, 381 F.3d 511, 516 (6th Cir. 2004); Moir v. Greater Cleveland Regional Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). Here, defendants make a factual challenge to the court's subject matter jurisdiction. A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. Ritchie, 15 F.3d at 598; Moir, 895 F.2d at 269. In matters regarding subject matter jurisdiction, the court may look to evidence outside the pleadings. Nichols v. Muskingum College, 318 F.3d 674, 677 (6th Cir. 2003). A Rule 12(b)(1) motion, when accompanied by evidentiary support, is not converted into a motion for summary judgment, and the court is empowered to resolve factual disputes. Moir, 895 F.2d at 269; Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir. 1986). The district court has wide discretion to consider affidavits and documents in resolving disputed jurisdictional facts. Ohio National Life Ins., 922 F.2d at 325. "When a Rule 12(b)(1) motion attacks the factual basis for jurisdiction, the district court must

3

weigh the evidence and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter." <u>Golden v. Gorno Bros., Inc.</u>, 410 F.3d 879, 881 (6th Cir. 2005).

**III. Discussion**

Defendants argue that the court lacks subject matter jurisdiction because the case has been rendered moot. Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants. <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975); <u>SEC v. Medical Committee for Human Rights</u>, 404 U.S. 403, 407 (1972). "To be cognizable in a federal court, a suit 'must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" <u>North Carolina v. Rice</u>, 404 U.S. 244, 246 (1971) (quoting <u>Aetna Life Ins. Co. v. Haworth</u>, 300 U.S. 227, 240-241 (1937)). Federal courts may not render advisory opinions and are "without power to decide questions that cannot affect the rights of litigants in the case before them." <u>Rice</u>, 404 U.S. at 246.

Moreover, "[t]he rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975); <u>see also</u> <u>Al Najjar v. Ashcroft</u>, 273 F.3d 1330, 1336 (11th Cir. 2001) ("If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."). Courts have held that a mandamus

4

petition to compel agency action is rendered moot when the agency takes the action requested in the petition. See, e.g., Thompson v. United State Dep't of Labor, 813 F.2d 48, 51 (3rd Cir. 1987); Gray v. Office of Personnel Mgmt., 771 F.2d 1504, 1514 (D.C. Cir. 1985).

Here, defendants have demonstrated that the USCIS has approved plaintiffs' applications for adjustment of status. This agency action was the relief requested by plaintiffs in their complaint, and, thus, a case or controversy no longer exists.

**IV. Conclusion**

Accordingly, defendants' July 11, 2007 motion to dismiss (doc. 18) is granted and this case is dismissed. The Clerk of Courts shall enter judgment in favor of the defendants.

<pre>
                                    s/ James L. Graham
                                    JAMES L. GRAHAM
                                    United States District Judge
</pre>

DATE: August 13, 2007